The Porto Rico General Telephone Company *v.* El Regis-
trador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la
Propiedad de Mayagüez.

No. 128.—Resuelto en noviembre 1, 1912.

Arrendamiento de Bienes Inmuebles de Menores—Autorización Judicial—
Inscripción del Arrendamiento por Convenio de las Partes.—Un arrenda-
miento de bien inmueble por término de cinco años, inscribible en el registro
por convenio expreso de las partes, constituye un derecho real a favor del
arrendatario, y está por tanto sujeto a los preceptos del artículo 229 del
Código Civil, enmendado por la Ley No. 33 de marzo 9, 1911, según los
cuales el ejercicio de la *patria potestad* no autoriza al padre ni a la madre
para enajenar o gravar bienes inmuebles del hijo, que están bajo su adminis-
tración, sin previa autorización de la corte de distrito correspondiente.

Id.—Títulos Inscribibles—Interpretación de Ley—Bienes de Menores.—Los
preceptos contenidos en el párrafo 5º. del artículo 2 de la Ley Hipotecaria,
declarando cuales son los contratos de arrendamiento inscribibles, deben in-
terpretarse en el sentido de que dichos preceptos no tienen limitación al-
guna cuando se trata de arrendamiento otorgado por personas que están en

el pleno goce de sus derechos civiles; pero cuando se trata de arrendamiento de bienes de menores, la capacidad de los otorgantes debe regularse por los preceptos del Código Civil sobre la materia.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José E. Benedicto.*

El recurrido compareció en nombre propio.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Fué presentada para su inscripción en el Registro de la Propiedad de Mayagüez, escritura de arrendamiento de finca urbana otorgada en 29 de septiembre del año 1911, por Doña Luisa Roselló, viuda de Perea, por su propio derecho y en concepto de madre con *patria potestad* sobre cinco hijos menores de edad a favor de *The Porto Rico General Telephone Company,* por el término de cinco años, con derecho a favor de la companía arrendataria de prorrogar el contrato por cinco años más, habiendo prestado las partes su consentimiento para que dicho contrato fuera inscrito en el registro de la propiedad, a pesar de no reunir las condiciones necesarias a tenor de lo preceptuado en el párrafo 5°. del artículo 2°. de la Ley Hipotecaria.

El registrador inscribió el documento en cuanto éste hacía referencia a la viuda Doña Luisa Roselló, y denegó su inscripción en nota de 15 de mayo de 1912, respecto de los menores hijos de la misma, porque si el arrendamiento efectuado se consideraba como fuente de obligaciones personales no era inscribible, y si se calificaba de verdadero derecho real a favor de la sociedad arrendataria por haberse pactado expresamente su inscripción, tampoco era inscribible por falta de autorización judicial previa para que Doña Luisa Roselló constituyera gravamen sobre bienes inmuebles de sus menores hijos. La compañía arrendataria interpuso para ante esta Corte Suprema, contra la nota del registrador, un recurso, y ambas partes han formulado alegatos escritos en apoyo de sus respectivas pretensiones.

Opinamos que el Registrador de Mayagüez procedió con razón derecha al denegar la inscripción del contrato de arren-

damiento de que se trata, en cuanto hace referencia a los menores hijos de Doña Luisa Roselló.

El artículo 2°. de la Ley Hipotecaria, en su número 5°., señala como títulos inscribibles, los contratos de arrendamiento de bienes inmuebles por un período que exceda de seis años o los en que se hayan anticipado las rentas de tres o más años, o cuando sin tener ninguna de estas condiciones hubiere convenio expreso de las partes para que se inscriban. Entendemos que cuando se trata de personas que están en el pleno goce de sus derechos civiles, ese precepto no tiene limitación alguna, pero no sucede lo propio cuando, como en el presente caso intervienen en el contrato como arrendadores, menores de edad cuya capacidad o la de sus representantes para contratar debe regularse por los preceptos del Código Civil.

Un arrendamiento inscribible constituye un verdadero derecho real a favor del arrendatario, y está por tanto sujeto al artículo 229 del Código Civil, enmendado por la ley número 33, de 9 de marzo de 1911, según el cual el ejercicio de la *patria potestad* no autoriza al padre ni a la madre para enajenar o gravar bienes inmuebles, del hijo, que están bajo su administración, sin previa autorización de la corte de distrito correspondiente.

Ciertamente que el arrendamiento de que se trata no es por un término mayor de seis años, pero el convenio de que se inscriba en el registro lo hace igual en sus efectos al de un arrendamiento que excede de seis años y de todos modos constituye un verdadero derecho real regulable por los preceptos del artículo 229 del Código Civil según ha quedado enmendado.

Debe confirmarse la nota recurrida.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.